UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DAVID COTRICH,

Defendant.

**INDICTMENT**

26 Cr.

**COUNT ONE**
**(Attempted Hobbs Act Robbery)**

The Grand Jury charges:

1. On or about September 21, 2026, in the Southern District of New York and elsewhere, DAVID COTRICH, the defendant, knowingly attempted to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, COTRICH attempted to rob a United States Post Office in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

**COUNT TWO**
**(Assaulting an Employee of the United States)**

The Grand Jury further charges:

2. On or about September 21, 2026, in the Southern District of New York and elsewhere, DAVID COTRICH, the defendant, knowingly and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, while engaged in and on account of the performance of official duties, and in doing so, had the intent to commit another felony and used a deadly and dangerous weapon, to wit,

COTRICH threatened to inflict bodily harm on an employee of the United States Postal Service by displaying a firearm while attempting to rob a United States Post Office in the Bronx, New York.

(Title 18, United States Code, Sections 111(a)(1) and (b).)

**FORFEITURE ALLEGATION**

3. As a result of committing the offense alleged in Count One of this Indictment, DAVID COTRICH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted]
FOREPERSON
October 9, 2026

James M. McDonald
JAMES M. MCDONALD
United States Attorney